OPINION
On October 9, 2001, appellants, Malcolm and Janis McBride, applied for Covered Families and Children Medicaid, Low Income Families benefits. By notice mailed October 10, 2001, the Holmes County Department of Job and Family Services denied the application because appellants' unearned income exceeded the eligibility standard.
On November 21, 2001, appellants appealed the decision and requested a state hearing. A hearing was held on December 10, 2001. By decision dated December 14, 2001, the state hearing officer denied the appeal.
On December 24, 2001, appellants requested an administrative appeal. By decision dated January 10, 2002, appellee, the Ohio Department of Job and Family Services, affirmed the hearing officer's decision.
On February 4, 2002, appellants filed a notice of appeal with the Court of Common Pleas for Holmes County, Ohio, pursuant to R.C. 119.12 and R.C. 5101.35. By final entry filed June 5, 2002, the trial court found the appeal to be without merit and dismissed the appeal with prejudice.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED IN DENYING APPELLANT'S ADMINISTRATIVE APPEAL."
 I
Appellants claim the trial court erred in finding the hearing officer's decision was supported by reliable, probative and substantial evidence and in accordance with the law. We disagree.
In reviewing an order of an administrative agency pursuant to R.C.119.12, a trial court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." Pons v. Ohio State Medical Board,66 Ohio St.3d 619, 621, 1993-Ohio-122. In Ohio Historical Society v.State Employment Relations Board, 66 Ohio St.3d 466, 1993-Ohio-182, the Supreme Court of Ohio explained the standard as follows at 471:
 "Under R.C. 119.12, a reviewing court is obligated to determine whether the agency's decision is `in accordance with law.' An agency adjudication is like a trial, and while the reviewing court must defer to the lower tribunal's findings of fact, it must construe the law on its own. To the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12
reviewing task completely independently."
The findings of fact listed in the state hearing decision dated December 14, 2001 which appellants do not dispute set forth the conditions of the unearned income:
 "1. The AG consists of appellant, wife and two children.
 "2. The two children receive Healthy Start medical coverage.
 "3. The appellant and wife are unemployed; however, receive monthly unearned income of $1,715.
 "4. The appellant sold a building/business and holds the mortgage note for the purchaser; the purchaser pays interest on the down payment portion of the property and the $1,715 represents both mortgage and interest income.
 "5. The appellant receives the same amount of income monthly."
Appellants challenge the conclusion that they are not permitted a credit on the monthly mortgage and interest payment because they financed the payoff of the original mortgage on the property with a home equity line of credit. In his affidavit filed with the trial court on May 15, 2002, appellant Malcolm McBride stated the following at paragraphs three and four:
 "As indicated in the Monthly Home Budget we provided in applying for Medicaid, we currently pay approximately $800.00 per month the (sic) Commercial Savings Bank on a mortgage/home equity line of credit. A copy of this Monthly Home Budget is attached hereto as `Exhibit 1.'"
 "The debt on the line of credit was incurred to pay off the original mortgage on the property that now is the source of our unearned income."
It is agreed that this particular fact was never brought to the attention of the hearing officer. From the record of the initial hearing and administrative appeal, it appears appellants argued that only the interest portion of the mortgage they hold as security for the land contract should be counted as earned income. Appellants argued for a $358 reduction in unearned income as opposed to the $800 reduction now claimed. See, December 14, 2001 State Hearing Decision under Conclusions of Policy, Analysis.
There appears to be no mention in the record of the home equity line of credit payment of $800 as per appellant Malcolm McBride's affidavit to the trial court.
Under a R.C. 119.12 appeal, "the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." R.C. 119.12. No such order or motion was made to the trial court. Therefore, the affidavit of appellant Malcolm McBride is not permitted by law.
Ohio Adm. Code 5101:1-40-20(A)(2) defines "income"as "any benefit in cash which is received by the individual during a calendar month as a result of current or past labor or services, business activities, interests in real or personal property, or as a contribution from persons, organizations, or assistance agencies."
The amount of money received by appellants is not for any mortgage that they pay on the property that is the subject of the land contract. Therefore, because the "mortgage note" held by appellants is the purchaser's responsibility to appellants, appellants are not entitled to a deduction for the "mortgage" payment. It is regrettable that appellee did not have the entire facts before it or that new evidence was not properly presented to the trial court. If the new evidence was allowable, it is foreseeable that the trial court could have remanded the question back to appellee for a determination on whether a credit of $800 should have been allowed.
Accordingly, given the nature of the evidence presented to appellee, appellee had no choice but to rule within the strict interpretation of the statute.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.